IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONA LATTA, | : | Civil Action No. 3:12-CV-1271 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CAROLYN COLVIN[1], | : | |
| *Commissioner of Social Security,* | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

April 1, 2014

**ISSUE PRESENTED:**

This case requires the Court to review a decision by an Administrative Law Judge that denied disability insurance benefits to Plaintiff.  Because there is substantial evidence to support the Administrative Law Judge's decision that Plaintiff is capable of performing a full range of sedentary work, the undersigned will affirm the decision of the Commissioner of the Social Security Administration.

---

[1]The term of the named defendant, Michael J. Astrue, ended January 19, 2013; accordingly, the clerk will be directed to change the named defendant to current acting Commissioner, Carolyn Colvin.

**BACKGROUND:**

On December 6, 2008, plaintiff, Rona Latta protectively filed an application for Disability Insurance Benefits.   ECF No. 7 at 17.   Latta's application was denied.  Latta appealed, and appeared, represented by counsel, George E. Mehalchick, Esquire, at a hearing before an Administrative Law Judge, Ronald Sweeda, on October 4, 2011.  ECF No. 7-2 at 164-182 and 7-1 at 1-5.  The Administrative Law Judge denied Latta's application for disability insurance benefits on October 13, 2011.  ECF No. 7 at 17-25.  Latta appealed to the Commissioner of the Social Security Administration.  The Commissioner denied Latta's appeal.  On July 2, 2012, Latta, through counsel, filed a complaint with this Court to appeal the Commissioner's decision.

The parties have briefed the appeal and it is ripe for disposition.  Now, therefore, for the following reasons, the Commissioner's decision will be affirmed.

**DISCUSSION:**

Disability insurance benefits are paid to an individual if that individual is disabled and "insured;" that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured."  It is undisputed that Latta met the insured status requirements of the Social Security Act through

2

December 31, 2006.

When considering a social security appeal, the Court has plenary review of all legal issues decided by the Commissioner. *See Poulos v. Commissioner of Social Security*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Commissioner of Social Sec. Admin.*,  181 F.3d 429, 431 (3d Cir. 1999); *Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995).  However, the Court's review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by 'substantial evidence.'  *Id.*; *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). Factual findings which are supported by substantial evidence must be upheld. 42 U.S.C. §405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981) ("Findings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence.");  *Keefe v. Shalala*, 71 F.3d 1060, 1062 (2d Cir. 1995); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001);  *Martin v. Sullivan*, 894 F.2d 1520, 1529 & 1529 n.11 (11th Cir. 1990).

Substantial evidence "does not mean a large or considerable amount of

evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)(*quoting Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Johnson v. Commissioner of Social Security*, 529 F.3d 198, 200 (3d Cir. 2008); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance.  *Brown*, 845 F.2d at 1213.  In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620 (1966).

Substantial evidence exists only "in relationship to all the other evidence in the record," *Cotter*, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1971).  A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence.  *Mason*, 994 F.2d at 1064.  The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for

4

rejecting certain evidence. *Johnson*, 529 F.3d at 203; *Cotter*, 642 F.2d at 706-707.
Therefore, a court reviewing the decision of the Commissioner must scrutinize the
record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981);
*Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979).

Another critical requirement is that the Commissioner adequately develop
the record. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)("The ALJ has an
obligation to develop the record in light of the non-adversarial nature of benefits
proceedings, regardless of whether the claimant is represented by counsel.");
*Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d Cir. 2005); *Fraction v. Bowen*, 787
F.2d 451, 454 (8th Cir. 1986); *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir.
2001); *Smith v. Apfel*, 231 F.3d 433. 437 (7th Cir. 2000); *see also Sims v. Apfel*,
530 U.S. 103, 120 S.Ct. 2080, 2085 (2000) ("It is the ALJ's duty to investigate the
facts and develop the arguments both for and against granting benefits[.]").  If the
record is not adequately developed, remand for further proceedings is appropriate.
*Id*.

To receive disability benefits, the plaintiff must demonstrate an "inability to
engage in any substantial gainful activity by reason of any medically determinable
physical or mental impairment which can be expected to result in death or which
has lasted or can be expected to last for a continuous period of not less than 12

5

months."  42 U.S.C. § 432(d)(1)(A).  Furthermore,

> [a]n individual shall be determined to be under a
> disability only if his physical or mental impairment
> or impairments are of such severity that he is not
> only unable to do his previous work but cannot,
> considering his age, education, and work experience,
> engage in any other kind of substantial gainful work
> which exists in the national economy, regardless of
> whether such work exists in the immediate area in which
> he lives, or whether a specific job vacancy exists for
> him, or whether he would be hired if he applied for
> work.  For purposes of the preceding sentence (with
> respect to any individual), "work which exists in the
> national economy" means work which exists in
> significant numbers either in the region where such
> individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

The Commissioner utilizes a five-step process in evaluating disability

insurance claims.  See 20 C.F.R. § 404.1520; *Poulos*, 474 F.3d at 91-92.  This

process requires the Commissioner to consider, in sequence, whether a claimant,

first, is engaging in substantial gainful activity; second, has an impairment that is

severe or a combination of impairments that is severe; third, has an impairment or

combination of impairments that meets or equals the requirements of a listed

impairment; fourth, has the residual functional capacity to return to his or her past

work; and, if not, fifth, whether he or she can perform other work in the national

economy. *Id.*

6

Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. *See* Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). The residual functional capacity assessment must include a discussion of the individual's abilities. *Id*; 20 C.F.R. § 404.1545; *Hartranft*, 181 F.3d at 359 n.1 ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).").

At the first step of the sequential evaluation process, the Administrative Law Judge found that Latta had not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2003 through her date last insured, which was December 31, 2006. ECF No. 7 at 19.

At step two, the Administrative Law Judge found that Latta "had the following severe impairments: degenerative disc disease (hereinafter "DDD") of cervical and lumbar spine (20 CFR 404.1520.(c))." ECF No. 7 at 19.

At step three the Administrative Law Judge found that Latta's impairments did not individually, or in combination, meet or equal a listed impairment. ECF No. 7 at 20.

At step four, the Administrative Law Judge found that, through the date last insured, that Latta had the residual functional capacity "to perform the full range of

7

sedentary work as defined in 20 CFR 404.1567(a)."[2]  ECF No. 7 at 20.  However,

---

[2]The exertional terms "sedentary," "light," "medium,"  "heavy," and "very heavy" are defined in the Social Security regulations as follows:

(a)  Sedentary work.  Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

(b) Light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

(c) Medium work.  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can do sedentary and light work.

(d) Heavy work.  Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 5o pounds.  If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work.

(e) Very heavy work.  Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more.  If someone an do very heavy work, we determine that he or she can also do heavy, medium, light, and sedentary work.

the Administrative Law Judge found that Latta could not perform her past relevant

work as a bank encoder, because that work was at the medium exertional capacity.

ECF No. 7 at 24.

Because the Administrative Law Judge found that Latta was able to perform

the full range of sedentary work, he did not need to move on to step five and he

denied Latta's application for benefits.  Latta appealed to the Commissioner of the

Social Security Administration who affirmed the decision of the Administrative

Law Judge.  Latta then appealed to this Court.

Latta argues that "the Administrative Law Judge committed reversible error

in finding that the testimony of record was insufficient to establish that the

claimant could not engage in substantial gainful work activity as defined by the

Social Security Act because the Administrative Law Judge's findings are not

rational, are not based on the substantial competent evidence, and are not in accord

with the applicable case law."  ECF No. 8 at 4.  In sum, plaintiff argues that the

Administrative Law Judge erred by finding that she was able to perform sedentary

work.  Latta believes that the medical records indicate that she is not able to

perform even sedentary work.  Specifically, plaintiff argues that the physical

therapy records, August 2002 MRI, and treatment records of Gregory Montalbano,

---

20 C.F.R. §404.1567.

M.D.,indicate that plaintiff is not able to perform sedentary work.  ECF No. 8 at 6-7.  Plaintiff also argues that the Administrative Law Judge's finding that the testimony of plaintiff and her daughter was less than credible is incorrect.  ECF No. 8 at 8.  Additionally, plaintiff believes that the Administrative Law Judge erred by not having a vocational expert testify as to the type of work he or she would believe that plaintiff would be able to perform.  ECF No. 8 at 11.

In reviewing the medical records, the Administrative Law Judge relied on the treatment records of Sangay Bakhski, M.D., Gregory Montalbano, M.D., Daisy Thomas, D.O., Stephen Campbell, M.D., physical therapy records and August 2002 and October 2008 MRIs. ECF No. 7 at 21.  The Administrative Law Judge determined that the objective findings, both before and after Latta's date last insured, did not indicate a debilitating condition that would prohibit her from working. Significantly, the Administrative Law Judge noted that Latta had absolutely no medical treatment whatsoever from the years 2004-2008 (2008 being 18 months after her date last insured had expired) and currently only self-treats with Tylenol and home exercises and stretches.  ECf No. 7 at 23.

After thoroughly reviewing the 355 page transcript, the Court finds that the decision of the Administrative Law Judge was supported by substantial evidence.

The March 14, 2003 discharge summary from West End Physical Therapy,

10

Inc., indicates that Latta "cont[inues] to have pain but was beginning to do better, her flexibility is [increasing] also."  ECF No. 7 at 144.

Dr. Montalbano's notes indicate Latta's back pain was treated with the muscle relaxant drug, Flexeril; the nonsteroidal anti-inflammatory drug, Celebrex; an epidural corticosteroid injection; physical therapy; and home exercises.  ECF No. 7 at 147-154.  Dr. Montalbano was asked to complete a Medical Source Statement of Ability for Work-Related Physical Activities. He wrote that she has "full restrictions" in her ability to lift and/or carry; she may stand and walk for a total of 2 hours in an 8 hour work day, with a switch in positions after 20 minutes; sit for 2 hours in an 8 hour work day, with a switch in positions after 20 minutes; she must be able to walk and move after sitting; she needs to lie down during a work shift at unpredictable intervals; she must elevate her legs for 2 hours in an 8 hour work day; and be absent from work more than twice a month. ECF No. 7 at 159 and 160.

The impression of David Rosenthal, M.D., who read an August 12, 2002 MRI was "herniation of nucleus pulposus manifests a focal protrusion pattern at L5-S1 contributing to right neural foraminal encroachment. Bulging of the annulus is seen at L4-5."  ECF No. 7 at 162.

Dr. Bakhshi's physical exam showed a patient with normal affect, steady

gait, able to ascend and descent of the examination table, with full range of motion of the lumbar spine and full range of motion in the lower extremities.  ECF No. 7 at 166-167.  She had "some tenderness' to palpation over the lower lumbar disc spaces as well as over the right and left facet joints.  *Id.*  Dr. Bakhshi recommended a series of three lumbar epidural steroid injections.  Dr. Montalbano's records indicate that Latta only underwent one injection, as she had an allergic reaction to it.

There is substantial evidence to affirm the decision of the Commissioner. The undersigned was unable to unearth any evidence in the medical records that the Administrative Law Judge missed, or incorrectly relied on, in making a finding that Ms. Latta could perform a full range of sedentary work.   This Court's review of the medical records indicates that there is certainly substantial evidence for the Administrative Law Judge to have relied on in making his determination that Mrs. Latta can perform a full range of sedentary work.

The Court next turns to plaintiff's argument that the Administrative Law Judge erred in finding Latta and her daughter to be less than credible.  In evaluating the intensity and persistence of a claimant's symptoms, the Administrative Law Judge is to consider the claimant's history, signs and laboratory findings, statements from the claimant, statements from treating and

nontreating sources, statements from other persons, and the medical opinions of treating sources.  20 C.F.R. § 416.929(c)(1).  The Administrative Law Judge here fully developed the record and considered all of the pertinent evidence in making his credibility determination.

If an Administrative Law Judge chooses to reject non-medical testimony that supports a plaintiff's disability claim, the Administrative Law Judge "must still explain why he is rejecting the testimony."  *Burnett*, 220 F.3d at 122; *see also Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).  *Burnett* does not require that Administrative Law Judge must "analyze all the evidence in the record and provide an adequate explanation for disregarding the evidence;" *Jones v. Barnhart*, 364 F.3d 501, 504 (3d Cir. 2004) (emphasis in original).  "*Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  *Id.* at 505.

With respect to Latta''s argument that the Administrative Law Judge did not properly consider her credibility nor her daughter's, the Administrative Law Judge was not required to accept her claims regarding her physical limitations. *See Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983) (providing that credibility determinations as to a claimant's testimony regarding the claimant's limitations are for the Administrative Law Judge to make).  It is well-established that "an

[Administrative Law Judge's] findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the Administrative Law Judge] is charged with the duty of observing a witness's demeanor . . . ." *Walters v. Commissioner of Social Sec.*, 127 f.3d 525, 531 (6th Cir. 1997); *see also Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess the witness credibility.").  Because the Administrative Law Judge observed and heard Latta and her daughter testify, he is the one best suited to assess their credibility.

Finally, the Administrative Law Judge did not need to call a vocational expert to testify, as the Social Security regulations directed a finding of not disabled as Mrs. Latta was able to perform a full range of sedentary work. Contained within the Social Security regulations is a grid or table which lists Rules 201.01 through 201.29 in the left hand column.  This grid or table is found at 20 C.F.R. pt. 404, subpt. P, app. 2.

The Social Security regulations provide that "where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." Rule 200.00.

14

In the right hand column of the grid or table is set forth the "Decision" as to whether a claimant is "disabled" or "not disabled."   If all of the criteria of particular Rule are met "[t]he existence of jobs in the national economy is reflected in the 'Decisions' shown in the rules, i.e., in promulgating the rules, administrative notice has been taken of the numbers (sic) of unskilled jobs that exist throughout the national economy at the various functional levels. . . Thus, when all factors coincide with the criteria of a rule, the existence of such jobs is established." Rule 200.00(b).

In this case the Administrative Law Judge made findings of fact which corresponded with all of the criteria of Medical-Vocational Rule 201.28.  The Administrative Law Judge concluded that based on Latta's residual functional capacity, age, education and work experience, she was not disabled because she could perform a significant number of sedentary jobs in the national economy under the rules of the medical-vocational guidelines.  Here, all the criteria of Rule 201.28 were  met.  Accordingly, Latta is not disabled and there was no need to proceed to proceed to step five of the sequential evaluation process and have a vocational expert testify.

**CONCLUSION:**

There is substantial evidence to affirm the decision of the Commissioner of

the Social Security Administration upholding the decision of the Administrative

Law Judge denying disability insurance benefits to Mrs. Latta. Accordingly, the

decision of the Commissioner will be affirmed.

An Order in accordance with the instant memorandum will issue this date.


BY THE COURT:


    s/ Matthew W. Brann
Matthew W. Brann
United States District Judge